**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| THURMAN DEE PAYNE, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action |
| | ) | No. 08-3002-CV-S-FJG-H |
| SCOTT KLINZING, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to exhaust available administrative remedies, it will be recommended that he be denied leave to proceed in forma pauperis.

After a Show Cause Order was entered, the United States filed its response. Counsel for petitioner filed a Motion to Withdraw. Thereafter, petitioner was granted an opportunity to file a pro se traverse.

The files and records in this case establish that petitioner is lawfully in the custody of the Bureau of Prisons. He is serving a 15-year sentence, imposed by the United States District Court for the Western District of Texas on April 5, 2002.

Petitioner alleges that officials at the Bureau of Prisons ["BOP"] are knowingly using inaccurate information found in his presentence report to apply points to his prisoner classification, and that he has been denied the right to exhaust administrative remedies.

1

Respondents contend that petitioner has failed to exhaust administrative remedies, and that the BOP has not relied on any incorrect information in assessing his classification, given the fact that he is classified as a "Low" security level inmate.

Regardless of petitioner's assertions, it is clear that he has failed to fully and properly exhaust administrative remedies. The BOP requires that he first seek informal resolution of his claim by filing a BP-9 form with his case manager, and then, if necessary, appeal the denial of relief. Institution Supplement 1330.13(f), Administrative Remedy Program; see 28 C.F.R. Part 542; United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006). According to the Attorney Advisor at the Medical Center, petitioner never obtained or completed an Informal Resolution Form prior to submitting his Administrative Remedy, and that to initiate the administrative remedy process, he need only submit the form to his correctional counselor and the process will be initiated. [Respondent's Exhibit 6, at 2].

Because petitioner has failed to fully exhaust the appropriate administrative remedies available to him, his claims are not properly before the Court pursuant to 28 U.S.C. § 2241. Accordingly, it must be recommended that the petition for writ of habeas corpus be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the

---

[1] Petitioner has 10 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.

Case 6:08-cv-03002-DGK   Document 14   Filed 06/03/08   Page 2 of 3

petition herein for writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND, Chief
United States Magistrate
Judge

Date:   06/03/08

3